IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50704
Summary Calendar

_____

JOSEPH ANTHONY HUMISTON,

Plaintiff-Appellant,

versus

CHIEF OF POLICE, AUSTIN POLICE DEPARTMENT;
UNKNOWN AUSTIN POLICE DEPARTMENT OFFICERS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CV-473
- - - - - - - - - -

April 30, 1999

Before REAVLEY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Joseph Anthony Humiston, Texas prisoner # 436035, appeals the district court's summary judgment dismissing his 42 U.S.C. § 1983 complaint. Humiston alleged that the chief of police of Austin and unknown Austin police officers illegally seized his vehicle and sold it at an auction in violation of his Fourth Amendment rights. Humiston argues on appeal that the district court erred, that the Department of Public Safety and Texas representatives were involved in a conspiracy of stealing cars,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that the district court never ruled on Humiston's motion to amend his complaint to include the proper parties.

We review the district court's grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). The summary judgment evidence revealed 1) that the Department of Public Safety, and not the Austin police department, was the agency which seized Humiston's vehicle and 2) that the defendants did not participate in or know about the seizure. The district court's summary judgment dismissing Humiston's claims against the Austin police officers was not error.

Humiston requested in his objections to the magistrate judge's report and recommendation to amend his complaint to add Elizabeth Watson, former Austin Chief of Police, and C. Scott, a D.P.S. officer as additional parties. No ruling was made on that request, but no reason is given for naming them as parties and no allegation of their liability is made.

AFFIRMED.